IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 9 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00220-BNB

DEBRA APPLEWHITE SCALES,
        Plaintiff,

v.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CHAIR NAOMI C. EARP,
        Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

        Plaintiff, Debra Applewhite Scales, has filed *pro se* a Title VII Complaint. The

court must construe the Title VII Complaint liberally because Ms. Scales is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Ms. Scales will be ordered to file an amended complaint.

        The court has reviewed the Title VII Complaint and has determined that the Title

VII Complaint is deficient because it does not comply with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to

give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show

that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City,

Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Scales fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Scales has checked a variety of blanks on the preprinted Title VII Complaint form indicating that Defendant discriminated against her based on race, color, disability, and retaliation by failing to hire, failing to promote, demotion or discharge from employment, and failing to pay job injury benefits. However, Ms. Scales fails to assert any facts in support of these vague and conclusory allegations that indicate she is entitled to relief. Although Ms. Scales attaches to her Title VII Complaint a copy of a Final Decision of the Equal Employment Opportunity Commission rejecting her administrative claim, that decision does not provide the court with the factual basis for the claims Ms. Scales is asserting in this action. In fact, to the extent the court can discern from the attached Final Decision the factual nature of her claims, it appears that Ms. Scales claimed in the administrative proceedings only that Defendant failed to reinstate her because of her race and in retaliation for prior protected activity. There is

no indication that Ms. Scales raised in the administrative proceedings any claims that she was not promoted, was demoted or discharged from employment, that she was not paid job injury benefits, or that she suffered discrimination because of a disability as indicated in the Title VII Complaint.

Therefore, Ms. Scales will be ordered to file an amended complaint if she wishes to pursue her claims in this action. Ms. Scales is advised that she must provide a short and plain statement of her claims that allows the court and Defendant to understand what she is claiming in this action and to be able to respond to those claims. Accordingly, it is

ORDERED that Ms. Scales file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Scales, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Ms. Scales fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 9, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00220-BNB

Debra Applewhite-Scales
P.O. Box 18484
Denver, CO 80218

Debra Applewhite-Scales
13606 14th Place
Aurora, CO 80110

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint** to the above-named individuals on 2/9/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk